| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: DISTRICT OF DELAWARE | |
| Case number *(if known)* _____    Chapter **11** | ☐ Check if this an amended filing |

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Codiak BioSciences, Inc.** | |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 47-4926530 | |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **35 CambridgePark Drive, Suite 500** <br> **Cambridge, MA 02140** <br> Number, Street, City, State & ZIP Code <br><br> **Middlesex County** <br> County | **Mailing address, if different from principal place of business** <br><br> **Care of Province, LLC,** <br> **2360 Corporate Circle, Suite 340,** <br> **Henderson, NV 89074** <br> **(Attn: Paul Huygens, CRO).** <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | https://www.codiakbio.com | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor **Codiak BioSciences, Inc.**     Case number (*if known*) _____
       Name

**7. Describe debtor's business**     A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5417**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

Official Form 201     **Voluntary Petition for Non-Individuals Filing for Bankruptcy**     page 2
30223408.1

| | | | | |
|---|---|---|---|---|
| Debtor | **Codiak BioSciences, Inc.** | | Case number (*if known*) | |
| | Name | | | |

List all cases. If more than 1, attach a separate list

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **Codiak Securities Corporation** | | Relationship | **Affiliate** | |
| District | **Delaware** | When | **The date hereof** | Case number, if known | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49                ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99               ☐ 5001-10,000        ☐ 50,001-100,000
☒ 100-199             ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

**15. Estimated Assets**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☒ $100,000,001 - $500 million    ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☒ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million    ☐ More than $50 billion

Debtor  **Codiak BioSciences, Inc.**               Case number (*if known*) _____
       Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **3/27/2023**
              MM / DD / YYYY

X  **/s/ Paul Huygens**                                  **Paul Huygens**
   Signature of authorized representative of debtor       Printed name

Title  **Chief Restructuring Officer**

---

**18. Signature of attorney**

X  **/s/ Ryan M. Bartley**                               Date  **3/27/2023**
   Signature of attorney for debtor                             MM / DD / YYYY

**Ryan M. Bartley**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square, 1000 N. King Street, Wilmington, DE, 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 571-5007**      Email address  **rbartley@ycst.com**

**No. 4985, Delaware**
Bar number and State

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Codiak BioSciences, Inc., *et al.*,[1] | Case No. 23-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-39615.

2. The following financial data is the latest available information and refers to the debtor's condition as of the dates noted in the comments below.

   a.  Total assets                                                         $106,167,706.20

   b.  Total debts (including debts listed in 2.c., below)                  $85,374,781.14

   c.  Debt securities held by more than 500 holders:                       None

   d.  Number of shares of preferred stock                                  0

   e.  Number of shares of common stock                                     37,111,901

   Comments, if any:    Total assets and total debts are based on unaudited financial statements as of February 28, 2023; the book value of the company's assets may be substantially different than actual or fair value of those assets and the company anticipates substantial write-downs in the book value of certain assets.

3. Brief description of debtor's business:

   The above-captioned debtors and debtors in possession are a clinical-stage biopharmaceutical company focused on pioneering the development of exosome-based therapeutics, a new class of medicines with the potential to transform the treatment of a wide spectrum of diseases with high unmet medical need.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Codiak BioSciences, Inc. (6530); and Codiak Securities Corporation (6336). The Debtors' mailing address is Care of Province, LLC, 2360 Corporate Circle, Suite 340, Henderson, NV 89074 (Attn: Paul Huygens, CRO).

Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

- ARCH Venture Funds – 24.02%
- Fidelity – 15.43%
- Flagship Venture Funds – 14.12%
- Armistice Capital, LLC – 7.23%
- Laurion Capital Management LP – 5.46%

Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy

# SECRETARY CERTIFICATE

The undersigned, being the Secretary of Codiak BioSciences, Inc., a Delaware corporation and its wholly-owned subsidiary, Codiak Securities Corporation, a Massachusetts corporation (each a "**Corporation**"), hereby certifies as follows:

1. I am the duly qualified and elected Secretary of each Corporation and, as such, am familiar with the facts herein certified and am duly authorized to certify the same on behalf of each Corporation.

2. Attached hereto is a true and complete copy of the Resolutions of the Board of Directors of each Corporation duly adopted at a properly convened meeting of each Board on March 26, 2023, by vote of each Board in accordance with the Bylaws of each Corporation.

3. Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Corporation relating to the matters set forth in the resolution attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 26th day of March, 2023.

>  */s/ Yalonda T. Howze*
> Name: Yalonda T. Howze
> Title: EVP, Chief Legal and Compliance Officer and Corporate Secretary

30218643.8

RESOLUTIONS

OF

THE BOARDS OF DIRECTORS OF

CODIAK BIOSCIENCES, INC. AND
CODIAK SECURITIES CORPORATION

March 26, 2023

The boards of directors (each a "**Board**") of Codiak BioSciences, Inc., a Delaware corporation ("**Corporation**"), and its wholly-owned subsidiary, Codiak Securities Corporation, a Massachusetts corporation (together with the Corporation, the "**Company**"), adopt the following resolutions:

WHEREAS, the Board has reviewed and considered the financial and operational condition of the Company, and the Company's business on the date hereof, including the assets of the Company, and current and long-term liabilities of the Company, and the recommendations of the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding for the Company under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Board has determined that it is in the best interests of the Company and the Company's stakeholders, creditors, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code, and the Board of the Company has consented to the filing of voluntary petitions under the provisions of chapter 11 and the Bankruptcy Code;

**Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, the creditors of the Company, and other stakeholders and interested parties of the Company, that voluntary petitions (the "**Petitions**") be filed by the Company with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the form, terms, and provisions of, the execution, delivery, and filing of, and the performance of the transactions and obligations contemplated by the Petitions be, and they hereby are, authorized, approved, and adopted in all respects and that any duly appointed officer of the Company (each an "**Authorized Person**") be, and hereby is, authorized, directed, and empowered on behalf of and in the name of the Company (i) to execute and verify the Petitions and all documents ancillary thereto, and to cause the Petitions to be filed with the Bankruptcy Court commencing a chapter 11 case (the "**Bankruptcy Case**"), and to make or cause to be made prior to the execution thereof any modifications to such Petitions or ancillary documents, and (ii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, or

desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Person executing the same shall approve, such approval to be conclusively evidenced by the Authorized Person's execution and delivery thereof; and it is further;

**Appointment of Chief Restructuring Officer**

**RESOLVED,** that, in the judgment of the Board, it is desirable and in the best interests of the Company, that Paul Huygens be appointed as the Chief Restructuring Officer (the "**CRO**") of the Company, with power and authority to consider, determine, and pursue on behalf of the Company such restructuring as the CRO may deem appropriate, and to represent the Company and act on behalf of the Company in any case commenced by the Company under title 11 of the United States Code; and it is further;

**RESOLVED**, that in connection with the appointment of Mr. Huygens, the Company is authorized to retain Province, LLC ("**Province**") to provide Mr. Huygens as the CRO and such additional personnel as the CRO determines or deems to be appropriate, and to represent and assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate motion for authority to retain the services of Province and the CRO in the Bankruptcy Case, and any such prior actions in connection therewith are hereby ratified and approved; and it is further

**Retention of Professionals**

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("**YCST**"), shall be, and hereby is, authorized, empowered, and directed to represent the Company, as a debtor and debtor-in-possession, in connection with the Bankruptcy Case on the terms set forth in its engagement letter with the Company, which is hereby ratified and approved, and to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including to (a) execute, acknowledge, deliver, and verify the Petitions and all other ancillary documents, and to cause the Petitions to be filed with the Bankruptcy Court and make or cause to be made, prior to execution thereof, any modifications to the Petitions or any ancillary documents as the Authorized Persons deem necessary, desirable, or appropriate to carry out the intent and accomplish the purpose of these resolutions, (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or proper in connection with the foregoing, and (c) execute, acknowledge, deliver, and verify any and all other documents necessary or proper in connection therewith and to administer the Bankruptcy Case in form or forms as the Authorized Persons may deem necessary or proper in order to effectuate the purpose of the intent of the foregoing resolution; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of YCST in the Bankruptcy Case, and any such prior actions in connection therewith are hereby ratified and approved; and it is further

**RESOLVED**, that Stretto, Inc. ("**Stretto**") shall be, and hereby is, authorized and empowered to represent and assist the Company as claims and noticing agent and administrative

advisor and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Stretto in the Bankruptcy Case; and it is further

**RESOLVED**, that the Authorized Persons be, and hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Persons, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary; and it is further

**RESOLVED**, that the Authorized Persons be, and hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel and other professionals and to take and perform any and all further acts and deeds that the Authorized Persons deem necessary, proper or desirable in connection with the Bankruptcy Case, with a view to the successful prosecution of such case; and it is further

**RESOLVED**, that each of the aforementioned retained advisors of the Company is hereby authorized to take any and all actions necessary or desirable to advance the Company's rights and obligations and facilitate the commencement of the Bankruptcy Case; and it is further

**Cash Collateral**

**RESOLVED**, that, in connection with the commencement of the Company's Bankruptcy Case, the Authorized Persons are authorized and directed, to the extent necessary, on behalf of the Company, as debtor and debtor-in-possession, to negotiate, obtain, execute, deliver, and guarantee the use of cash collateral according to the terms negotiated, or to be negotiated, by, or on behalf of, the Company or otherwise approved by the Bankruptcy Court; and the Company is hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation (i) the use of cash collateral in such amounts and on such terms as the Authorized Persons deem necessary or advisable (collectively, the "**Cash Collateral**"), (ii) the execution and delivery of any documents to evidence the permitted use of Cash Collateral, (iii) the incurrence and payment of fees, (iv) the execution and delivery of real property and personal property (including intellectual property) security agreements (and amendments, supplements, and modifications thereto, as appropriate), (v) the granting of liens on and security interests in any and all assets of the Company, (vi) the authorization of filing and recording, as applicable, of financing statements, agreements, mortgages, or any other documents evidencing and perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents, (vii) the acknowledgement of debt and liens of existing loans, (viii) payment of interest to the Company's existing lenders, and (ix) the execution and delivery of deposit, securities and other account control agreements (and amendments, supplements and other modifications thereto, as appropriate), and the Authorized Persons are hereby authorized and directed to execute any

appropriate agreements and related ancillary documents on behalf of the Company in connection with the foregoing; and it is further

**General**

  **RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Persons performing or executing the same shall approve, and the performance or execution thereof by the Authorized Persons shall be conclusive evidence of the approval thereof by the Authorized Persons and by the Company; and it is further

  **RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the Authorized Persons, shall be necessary, proper, and desirable to prosecute a successful completion of the Company's Bankruptcy Case, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, the authority thereunto to be evidenced by the taking of such actions; and it is further

  **RESOLVED**, that the Authorized Persons be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Persons may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Persons shall approve, the taking or execution thereof by the Authorized Persons being conclusive evidence of the approval thereof by the Authorized Persons and the Company; and it is further

  **RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

  **RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

Debtor name  Codiak BioSciences, Inc., *et al.*

United States Bankruptcy Court for the: District of DE (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Lonza Houston, Inc. 14905 Kirby Drive Pearland TX 77047 | | Trade | | | | $978,135 |
| 2 | PPD Development, LP 929 North Front Street Wilmington, NC 28401 | 910-251-0081 | Trade | | | | $177,518 |
| 3 | Apex Systems, LLC 4400 Cox Road, Suite 200 Glen Allen, VA 23060 | | Professional Services | | | | $65,000 |
| 4 | Trudeau Institute, Inc. 154 Algonquin Avenue Saranac Lake, NY 12983 | 800-638-6064 | Trade | | | | $38,895 |
| 5 | WilliamsMarston LLC 800 Boylston Street, 16th Floor Boston, MA 02199 | 617-982-6699 | Professional Services | | | | $36,652 |
| 6 | Powered Research, LLC 601 Keystone Park Drive, Suite 100 Morrisville, NC 27560 | info@poweredresearch.com | Trade | | | | $33,559 |
| 7 | VWR International LLC 100 Matsonford Road, Building 1, Suite 200 Radnor PA 19087 | 800-932-5000 | Trade | | | | $31,983 |
| 8 | Catalent Pharma Solutions, LLC 726 Heartland Trail Madison WI 53717 | 608-824-9920 | Trade | | | | $31,244 |

Debtor    Codiak BioSciences, Inc., *et al.*                                Case number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | GenScript USA Inc. 860 Centennial Ave. Piscataway, NJ 08854 | 732-885-9188 | Trade | | | | $30,254 |
| 10 | RSM US LLP 80 City Square Boston, MA 02129 | 617-912-9000 | Trade | | | | $29,681 |
| 11 | Elemental Machines 185 Alewife Brook Pkwy, Ste 401 Cambridge, MA 02138 | | Trade | | | | $26,153 |
| 12 | Black Diamond Networks 23 Main Street Andover, MA 01810 | 978-474-9980 | Professional Services | | | | $22,100 |
| 13 | Sartorius Stedim North America Inc. 565 Johnson Avenue Bohemia, NY 11716 | 631-254-4249 | Trade | | | | $20,139 |
| 14 | Evident Scientific 48 Woerd Ave Waltham MA 02453 | 781-419-3900 | Trade | | | | $16,077 |
| 15 | Nasdaq Inc 151 W 42nd Street New York, NY 10036 | 844-375-2626 | Trade | | | | $14,285 |
| 16 | Anderson Brecon, Inc DBA PCI Pharma Services 4545 Assembly Drive Rockford, IL 61109 | | Trade | | | | $14,140 |
| 17 | Berkshire Sterile Manufacturing 480 Pleasant Street Lee MA 01238 | 413-243-0330 | Trade | | | | $13,609 |
| 18 | Donnelley Financial, LLC 35 W. Wacker Drive Chicago IL 60601 | 866-319-7064 | Trade | | | | $13,465 |
| 19 | Masy BioServices 27 Lomar Park Dr Pepperell MA 01463 | 978-433-6279 | Trade | | | | $10,685 |
| 20 | Steven H. Holtzman 224 College Road Center Harbor NH 03226 | | Professional Services | | | | $10,000 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Codiak BioSciences, Inc., *et al.*,[1] | Case No. 23-_____ (____) |
| Debtors. | (Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each a "**Debtor**," and together, the "**Debtors**") hereby state as follows:

1.   Debtor Codiak BioSciences, Inc. is a publicly traded company.

2.   The following entities and/or related entities own more than 10% of the common stock of Debtor Codiak BioSciences, Inc.:

- ARCH Venture Funds – 24.02%

- Fidelity – 15.43%

- Flagship Venture Funds – 14.12%

3.   Codiak BioSciences, Inc. wholly owns Debtor Codiak Securities Corporation.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Codiak BioSciences, Inc. (6530); and Codiak Securities Corporation (6336). The Debtors' mailing address is Care of Province, LLC, 2360 Corporate Circle, Suite 340, Henderson, NV 89074 (Attn: Paul Huygens, CRO).

30223615.3

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Codiak BioSciences, Inc.** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration   **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **03/27/2023**      X **/s/ Paul Huygens**
                                  Signature of individual signing on behalf of debtor

                                  **Paul Huygens**
                                  Printed name

                                  **Chief Restructuring Officer**
                                  Position or relationship to debtor