# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Codiak BioSciences, Inc., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 23-10350 (MFW)<br><br>(Jointly Administered)<br><br>Ref. Docket No. 7 |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE, (A) AUTHORIZING PAYMENT OF PREPETITION OBLIGATIONS INCURRED IN THE ORDINARY COURSE OF BUSINESS IN CONNECTION WITH INSURANCE PROGRAMS, INCLUDING PAYMENT OF POLICY PREMIUMS AND BROKER FEES; (B) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO; AND (C) SCHEDULING A FINAL HEARING**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, (a) authorizing, but not directing, the Debtors to continue and, to the extent necessary, renew the Insurance Programs and pay policy premiums and broker fees arising thereunder or in connection therewith, including prepetition obligations arising in the ordinary course of business, and (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Codiak BioSciences, Inc. (6530); and Codiak Securities Corporation (6336). The Debtors' mailing address is Care of Province, LLC, 2360 Corporate Circle, Suite 340, Henderson, NV 89074 (Attn: Paul Huygens, CRO).

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on April 26, 2023 at 2:00 p.m. (ET) (the "**Final Hearing**"). Any party objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon proposed counsel for the Debtors, in each case so as to be received no later than April 13, 2023 at 4:00 p.m. (ET). If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

3. The Debtors are authorized to maintain the Insurance Programs without interruption, and to renew, supplement, modify, or extend (including through obtaining "tail" coverage) the Insurance Programs, or enter into new insurance policies, and to incur and pay policy premiums and broker fees arising thereunder or in connection therewith, in accordance with the same practices and procedures as were in effect prior to the Petition Date.

4. The Debtors are authorized, but not directed, in their discretion, to pay, honor, or otherwise satisfy premiums, claims, deductibles, retrospective adjustments, administrative fees, broker fees (including, without limitation, the Broker Fees), and any other

obligations that were due and payable or related to the period prior to the Petition Date on account of the Insurance Programs, if any.

5. Nothing in this Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay any claim.

6. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

7. The requirements of Bankruptcy Rule 6003(b) are satisfied.

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 29th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

30231627.2

3